24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jose GUTIERREZ-DIAZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70815.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1993.*
Decided April 21, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Gutierrez-Diaz appeals the decision of the Board of Immigration Appeals finding him deportable under 8 U.S.C. Sec. 1251(a)(4) as an alien convicted of two crimes involving moral turpitude that did not arise out of a single scheme of criminal misconduct. We affirm.
 
 
 3
 In 1988 Mr. Gutierrez pled guilty to five counts of child molestation. The victim of these crimes was his daughter, a child under the age of fourteen.
 
 
 4
 Mr. Gutierrez first argues that the five acts of abuse were part of a single scheme of criminal misconduct. By his own testimony, however, the five acts were not part of a single scheme. Mr. Gutierrez testified that after the first episode of abuse he never thought it would happen again.
 
 
 5
 Second, he argues that he is not deportable because his crimes resulted in only one sentence, meaning that he received but one conviction. This argument fails as well. Even if receiving a single sentence meant that he received only one conviction, Mr. Gutierrez would be deportable. As this court explained in Leon-Hernandez v. INS, 926 F.2d 902, 904 (9th Cir.1991), an alien is deportable even if separate crimes "were brought in a single charge and resulted in a single conviction." The issue is whether the alien was "convicted of two crimes...." 8 U.S.C. Sec. 1251(a)(4) (1988). Mr. Gutierrez was.
 
 
 6
 Finally, Mr. Gutierrez argues that the BIA used an erroneous legal standard when it shifted the burden to him to produce evidence showing the crimes were part of a single scheme. The Board did not err. That an alien committed two crimes on different dates raises a presumption that the two crimes were not part of a single scheme. Leon-Hernandez, 926 F.2d at 904. Mr. Gutierrez did not rebut this presumption. In fact, by testifying that he had no plan, no scheme, to repeat the offense, he bolstered the case against him.
 
 
 7
 The decision of the Board is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3